UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  **SACV 20-656-SVW (KK)**          Date: April 14, 2020

Title:  *James Jordan McClain v. Robert Neuschmid, Warden*

---

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed as Untimely

## I.
## INTRODUCTION

Petitioner James Jordan McClain ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. It appears, however, the Petition is subject to dismissal as untimely. The Court will provide Petitioner an opportunity to address this issue before making a final determination regarding whether the Petition should be dismissed.

## II.
## BACKGROUND

### A. STATE COURT PROCEEDINGS

On January 27, 1994, Petitioner was convicted of first degree murder after a jury trial in Orange County Superior Court. Dkt. 1, Pet. at 1. On February 25, 1994, the trial court sentenced Petitioner to a state prison term of twenty-five years plus a five-year enhancement for use of a gun. Id. at 1.

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment in a reasoned decision on April 25, 1995. Id. at 2, 79. Petitioner then filed a petition for

review in the California Supreme Court, which was denied on July 12, 1995. Id.; Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?doc_id=1778609&request_token=NiIwLSEmXkw7WyBBSCJNVE9IIFw0UDxbJyM%2BJz9TICAgCg%3D%3D&start=1&doc_no=S046851&dist=0&search=party&auth=yes (last updated Apr. 13, 2020 at 2:17 PM).[1]

In January 2018, Petitioner filed a habeas petition in Orange County Superior Court. See id. at 18-19. On February 7, 2018, the Los Angeles Superior Court denied the petition. Id.

On November 5, 2018, Petitioner filed a habeas petition in the California Court of Appeal. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=43&doc_id=2269459&doc_no=G056992&request_token=NiIwLSEmXkw7WyBBSCJNUEhIUFQ7UFxbJiM%2BIzNTUCAgCg%3D%3D (last updated Apr. 13, 2020 at 2:17 PM). On November 29, 2018, the California Court of Appeal denied the petition. Id.

Petitioner then filed a second habeas petition in Orange County Superior Court that included an affidavit of Georgia Brown (Ms. "Brown") dated January 31, 2019. Id. at 5, 39-40. On April 19, 2019, the Los Angeles Superior Court denied the petition. Pet. at 16-18.

On July 15, 2019, Petitioner filed a second habeas petition in the California Court of Appeal. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=43&doc_id=2291854&doc_no=G058013&request_token=NiIwLSEmXkw7WyBBSCItUEtIQEw7UFxbJiBeRztTQCAgCg%3D%3D (last updated Apr. 13, 2020 at 4:17 PM). On July 25, 2019, the California Court of Appeal summarily denied the petition. Id.; Pet. at 21.

On August 30, 2019, Petitioner filed a habeas petition in the California Supreme Court. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2296119&doc_no=S257743&request_token=NiIwLSEmXkw7WyBBSCItUElIMFA0UDxTJiMuWz5TQCAgCg%3D%3D (last updated Apr. 13, 2020 at 4:17 PM). On January 2, 2020, the California Supreme Court denied the petition citing In re Robbins, 18 Cal. 4th 770, 780 (1998) (courts will not entertain habeas corpus claims that are untimely). Id.; Pet. at 22.

## B. FEDERAL HABEAS PROCEEDINGS

On March 26, 2020, Petitioner constructively filed[2] the instant Petition. Pet. at 89. Petitioner sets forth the following four grounds for relief from his 1994 conviction:

1. The prosecution suppressed material exculpatory evidence in violation of Petitioner's right to due process;

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

2. Petitioner's due process rights were violated when the prosecution secured his conviction on the basis of false evidence that it "introduced, condoned, and exploited" at trial;
3. Newly discovered evidence, in the form of a sworn statement from percipient witness, Ms. Brown, absolves Petitioner of culpability for first degree murder; and
4. Ineffective assistance of trial counsel in failing to seek sanctions under Brady, which deprived Petitioner of a fair trial.

Pet. at 35-74.

### III.
### THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL

**A.     THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on October 10, 1995, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on July 12, 1995. Porter, 620 F.3d at 958-59. AEDPA's one-year limitations period commenced the next day, October 11, 1995, and expired on October 11, 1996. 28 U.S.C. § 2244(d)(1). Petitioner did not constructively file the instant Petition until March 26, 2020. Dkt. 1, Pet. at 90. Therefore, in the absence of a later trigger date or any applicable tolling, the Court deems the Petition untimely by over twenty-three years under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

**B.     PETITIONER IS NOT ENTITLED TO A LATER TRIGGER DATE**

Pursuant to 28 U.S.C. § 2244(d)(1), there are three situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final. First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action in . . . is removed." 28 U.S.C. § 2244(d)(1)(B). Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(C). Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). Therefore, a different triggering date may apply to each claim in a petition. Id.

"The statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim '*could have been* discovered through the exercise of due diligence,' not when it *actually* was discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added); see also Juniors v. Dexter, No. 07-1377-DMG (AGR), 2011 WL 1334422 at *2 n.3 (C.D. Cal. Jan. 14, 2011) ("'[T]he statute starts running on the date when the petitioner knew or with the exercise of due diligence could have discovered the factual predicate of his claim, not from the date on which the petitioner obtains evidence to support his claim."). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). In addition, "[t]he question is when petitioner had the essential facts underlying his claim, not when he obtained *additional* evidence supporting his claim." Coley v. Ducart, No. 2:16-1168-AC (P), 2017 WL 714304, at *4 (E.D. Cal. Feb. 23, 2017) (emphasis added).

First, Petitioner does not appear to be entitled to a later trigger date under Subsection (B) because he does not identify any state action that prevented him from filing a federal habeas claim in violation of the Constitution or laws of the United States. 28 U.S.C. § 2244(d)(1)(B). Second, Petitioner does not appear to be entitled to a later trigger date under Subsection (C) because Petitioner does not identify a newly-recognized right made retroactively available to cases on collateral review. Finally, to the extent Petitioner may argue he is entitled to a later trigger date for newly-discovered claims under Subsection (D), as detailed below, Petitioner has not shown when the testimony of Ms. Brown, aka Phamous, was discovered or that he acted diligently in his efforts to obtain her testimony and/or affidavit.

Petitioner argues the testimony of Ms. Brown is material to proving him innocent of first degree murder because it would negate the element of malice by proving he was acting in self-defense. Pet. at 57-58. Petitioner appears to argue (1) the date of Ms. Brown's affidavit, January 31, 2019, should be used as the trigger date, and (2) he could not have discovered Ms. Brown's affidavit prior to trial because a polaroid picture taken on the night of the shooting, which had Ms. Brown's contact information written on the back, was "suppressed by the prosecution" when Officer Foster lost the photograph. Id. at 54. In her affidavit, Ms. Brown states she was contacted on October 25, 1991, the date of the murder, by someone who identified themselves as being from the Santa Ana Police Department, but was never contacted again. Id. at 77. While it appears neither party was able to locate Ms. Brown to subpoena her for trial, id. at 54-55, Petitioner does not explain how (or precisely when) he was ultimately able to contact Ms. Brown or why he was unable to do so earlier despite reasonable diligence. See Ford, 683 F.3d at 1235. Hence, Petitioner is not entitled to a later trigger date for his newly discovered claims under Subsection (D). 28 U.S.C. § 2244(d)(1)(D).

In addition, Ms. Brown appears to have submitted a letter to the superior court as early as May 5, 2015. Pet. at 81. Accordingly, even if Petitioner could not have discovered his claims of suppression of evidence, false evidence, or ineffective assistance of counsel until the discovery of Ms. Brown's testimony, it is her letter submitted on May 5, 2015, rather than her January 31, 2019 affidavit, that could possibly support a later trigger date. Ford, 683 F.3d at 1235. AEDPA's one-year limitations period would have commenced the next day, May 6, 2015, and expired on May 6,

2016. 28 U.S.C. § 2244(d)(1). Therefore, in the absence of any applicable tolling, the Petition would still be untimely by almost four years under Section 2244(d)(1). <u>Thompson</u>, 681 F.3d at 1093.

### C. STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" <u>Nedds v. Calderon</u>, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). However, a petitioner is entitled to statutory tolling (i.e. gap tolling) for reasonable periods between the filing of properly filed applications for State post-conviction or other collateral review. <u>Nedds</u>, 678 F.3d at 781. Nevertheless, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, AEDPA's one-year limitation period expired on October 11, 1996 (or May 6, 2016 at the latest) and Petitioner did not file his first state habeas petition until January 2018, over eleven years after the statute of limitations had expired. Therefore, statutory tolling does not render the Petition timely. <u>See</u> <u>Ferguson</u>, 321 F.3d at 823.

### D. EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." <u>Doe v. Busby</u>, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." <u>Forbess v. Franke</u>, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" <u>Rudin v. Myles</u>, 781 F.3d 1043, 1055 (9th Cir. 2015).

Here, Petitioner does not appear to specifically identify any reasons entitling him to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. <u>Bills</u>, 628 F.3d at 1097.

### IV.
### ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed as untimely by filing a written response no later than **May 5, 2020**.

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice**: Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court**

**has attached a Notice of Dismissal form for Petitioner's convenience.** However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**